MARGARET R. D. FARLOW, EXECUTRIX (ESTATE OF HARRY FARLOW) *v.* THE CONNECTICUT COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 7—decided November 8, 1960

*Robert B. Cohen,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellant (plaintiff).

*Bradley B. Bates,* with whom was *J. Brooks Johnson, Jr.,* for the appellees (defendants).

MELLITZ, J.   The plaintiff brought this action to recover damages for the death of her decedent, alleged to have resulted from the negligent operation of a bus owned by the named defendant and operated by the other defendant.   The case was tried to the jury.   The plaintiff offered evidence to prove, and claimed to have proved, that the decedent, a pedestrian, was struck by the bus when he was crossing a street at or near a crosswalk and the bus was making

a left turn into the street he was crossing. The jury returned a verdict for the defendants, and upon the refusal of the court to set the verdict aside the plaintiff appealed.

Among the negligent acts charged were that the operator drove the bus at an excessive speed and that he failed to grant the decedent the right of way. The court instructed the jury upon the statutes relating to speed and the right of way of pedestrians crossing at an intersection. General Statutes §§ 14-219, 14-300. The single question presented on this appeal is whether the court committed reversible error in failing to repeat to the jury, in discussing the statute relating to right of way, an instruction that a violation would be negligence per se. Such an instruction had been given immediately before in connection with the discussion of the statute relating to speed.

After explaining the statute relating to speed, the charge proceeded as follows: "That statute provides a legislative standard of conduct for motor vehicle operators and contains within its own terms the elements for you to consider, and the violation of that statute by an operator would be negligence in itself. If that violation were also a substantial factor in causing injury, then it would be a basis for liability, but if there were a violation without it being a substantial factor in causing injury, then, of course, no liability would attach. There is another statute governing this situation here which provides in substance that [at] any intersection where traffic is controlled by control signals such as those which existed here pedestrians shall not cross at any place not a marked or unmarked crosswalk. A pedestrian at any such crosswalk on a green or go signal shall have the right of way over all vehicles, including

those making turns until such pedestrian has reached the opposite curb or safety zone." The charge then proceeded to explain the area of the crosswalk and the respective rights and duties of the pedestrian and the driver. At the conclusion of the charge, an exception taken by the plaintiff was expressed as follows: "If Your Honor Please, I don't remember Your Honor saying that if there is a violation of these statutes, motor vehicle statutes, that that violation would be negligence per se or negligence in and of itself." The court responded: "I said exactly that." Obviously, the attentiveness of the plaintiff's counsel to the charge or his recollection of its contents was faulty, as appears from his failure to note or remember that the court had, in fact, charged, when discussing the statute relating to speed, that a violation of it would be negligence in itself; and the court was of the belief that its charge as to the effect of a violation was expressed with relation to both statutes.

We have said that in instructing the jury in regard to claimed violations of the statutes concerning the operation of automobiles the court should specifically state that a violation of any of these statutes constitutes negligence per se. *Voronelis* v. *White Line Bus Corporation,* 123 Conn. 25, 31, 192 A. 265. It would have been a literal compliance with this admonition had the court made the statement, when it dealt with the second statute, that a violation of the statute "would be negligence in itself," as the court did when it dealt, immediately before, with the statute relating to speed. The question, then, is whether the failure of the court to repeat the statement constituted reversible error. The court clearly instructed the jury that there were two statutes which they were to consider with relation to the

negligent acts charged against the defendants. The jury could not reasonably have understood otherwise than that the statute relating to pedestrians, like the one relating to speed, provided a legislative standard of conduct, and that a violation of its provisions would be negligence in itself. "A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611. "We examine the charge to see if it fairly presents the case to the jury, in such way that injustice was not done under the rules of law to the legal rights of either litigant, and not with legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements. If such there be, we test them by the rule stated." *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, 741, 130 A. 102.

Here, there was not, as counsel for the plaintiff stated in his exception, a complete failure or omission by the court to instruct the jury that the violation of a statute would constitute negligence per se. At most, there was an inadvertent failure to repeat a statement which the court had already just made to the jury. An inadvertent omission of this nature, as with an inadvertently inaccurate statement in a charge, will not be regarded as reversible error unless it is reasonably probable that the jury were misled by it. *McMahon* v. *Bryant Electric Co.,* 121 Conn. 397, 406, 185 A. 181; *Amato* v. *Desenti,* supra; *Ghent* v. *Stevens,* 114 Conn. 415, 419, 159 A. 94. While it would have been preferable for the court to have stated specifically that a violation of either of the statutes would be negligence in itself, it is

clear that the jury, on the whole charge, must have understood that the principle that a violation of a statute prescribing a rule of conduct for motor vehicle operators constitutes negligence applied not only to the speeding statute but also to the statute concerning pedestrians at crosswalks.

There is no error.

In this opinion the other judges concurred.