STATE OF CONNECTICUT *v.* RAYMOND J. GILMORE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 9-30655

Argued November 6—decided December 15, 1967

*Richard C. Parmelee,* of Middletown, for the appellant (defendant).

*Salvatore F. Arena,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted on a charge of speeding and has appealed. In his appeal, his sole assignment of error relates to the charge. The defendant concedes that the radar apparatus was being operated properly and was functioning accurately and there was no evidence of outside influences which might affect the accuracy of the speed recorded. This being so, it was within the court's discretion to take judicial notice that the radar instrument was a device which measured the

velocity of moving objects with extreme accuracy. *State* v. *Tomanelli,* 153 Conn. 365, 370. Evidence was offered by the state that both the visual and graphic recording of the defendant's speed indicated his vehicle was traveling at seventy-seven miles per hour. The defendant offered evidence through himself and his wife, a passenger, that he was traveling at sixty miles per hour.

The court in its charge instructed the jury in part as follows: "Then, you as the jury must properly conclude that the speed at which this defendant was operating his motor vehicle at the time and place in question was seventy-seven miles per hour. If you decide conversely, that is, that this speed testing equipment or radar was not operating properly or that it was not being operated in a proper fashion or that its accuracy had not been tested within a reasonable time before and after its use, then of course you can disregard such radar testimony."

To this part of the charge the defendant took exception, claiming error in that the use of the word "must" amounts to a command to find the defendant guilty; that this language made the charge arbitrary and in abuse of the discretion of the judge making the charge; that this language made it mandatory for the jury to find the issues for the state against the defendant because there was no reference at this point in the charge to the necessity of connecting the testimony about speed to the motor vehicle driven by the defendant, and the motor vehicle and the defendant to the speed indicated on the radar tape; and that no precaution was taken as to the conflict of testimony pertaining to speed between the speed testified to by the police officer and the speed testified to by the defendant and his wife, and if the defendant and his wife were believed there would be no violation. The defendant has

assigned several errors directed to this part of the charge, such as claiming that the court neglected to connect the testimony relating to speed with the vehicle operated by the defendant and further that the court neglected to instruct the jury on the conflict of evidence relating to the testimony of the trooper and that of the defendant and his wife. In brief and argument, however, he has not pursued these contentions and we do not consider them. *State* v. *Jones,* 124 Conn. 664, 665.

The sole assignment of error pursued relates to the use of the word "must" in the charge. "Usually it is only by taking the charge as a whole, or some substantial part of it which is so complete by itself that it is not modified or affected by the other parts of the charge, that this court [Supreme Court] can say that there is error." *State* v. *Griswold,* 73 Conn. 95, 100; *State* v. *Pecciulis,* 84 Conn. 152, 161; *State* v. *Hayes,* 127 Conn. 543, 585; *State* v. *Johnson,* 139 Conn. 89, 93. "A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *Amato* v. *Desenti,* 117 Conn. 612, 617; *Farlow* v. *Connecticut Co.,* 147 Conn. 644, 648; *State* v. *Mariano,* 152 Conn. 85, 100. A statement will not be regarded as a reversible error unless it is reasonably probable that the jury would have been misled by it. *McMahon* v. *Bryant Electric Co.,* 121 Conn. 397, 406.

In a prior part of the charge, the court had correctly instructed the jury as to the state's burden of proof. Correct instructions were also given on the absolute speed limit of seventy miles per hour and that the defendant could not be found guilty unless the jury found that the defendant's speed was

in excess of that limit. The jury were further instructed that the radar apparatus could not be found to be a correct recorder of speed unless it was also found that the device was functioning properly and being operated properly and that it had been properly tested within a reasonable time both before and after its use.

In a subsequent part of the charge, the court commented briefly on the evidence, pointing out that the testimony of the defendant and his wife as to the defendant's speed was a factor to be considered and weighed. Toward the end of the charge, the jury were instructed that they must be convinced of the defendant's guilt beyond a reasonable doubt before finding the defendant guilty, and if they were not so convinced they should acquit him. Still later, the court reiterated that if the jury found the state had not proved guilt beyond a reasonable doubt, then it was their duty to find the defendant not guilty.

We think the attacked instruction is fairly to be construed and would be understood by the jury as meaning that the jury must find that the speed of the defendant's vehicle was in excess of seventy miles per hour before it could be found that the statute had been violated. Even if this part of the charge was susceptible of the construction claimed by the defendant, we do not believe it could have had a prejudicial effect in view of both prior and subsequent accurate statements of the guiding principles relative to the state's burden of proof and the fact finding functions of the jury. Since the charge in its entirety was sufficiently correct in law, adapted to the issues and ample for the guidance of the jury, it met the required test. *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 20.

There is no error.

In this opinion WISE and JACOBS, Js., concurred.