ROBERT ZOMMER ET AL., COADMINISTRATORS (ESTATE OF
LOUIS J. ZOMMER), ET AL. *v.* CATHERINE VENTULETT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued February 3—decision released March 30, 1976

*John J. McNamara* and *Christopher B. Carveth,* for the appellants (plaintiffs).

*Ralph F. Scofield,* for the appellee (defendant).

House, C. J. This case arose out of a motor vehicle collision which occurred in December, 1970, at a highway intersection in Fairfield. The plaintiffs Zommers' decedent, Louis J. Zommer, was driving his automobile easterly on Tunxis Hill cutoff and the plaintiff Audrey Means was a front seat passenger in his car. The defendant, Catherine Ventulett, was operating her automobile in a southerly direction on Tunxis Hill Road. The cars collided at the intersection. Traffic traveling in the direction in which the defendant was proceeding was controlled at the intersection by a red blinking traffic signal while traffic traveling in the direction in which Zommer was proceeding was controlled at the intersection by a yellow blinking traffic signal. The plaintiffs Zommer and Means, in a two-count complaint, brought this action against the defendant, Ventulett, claiming personal injury and property damage sustained by Zommer and personal injuries sustained by Means. The complaint sounded in negligence alleging failure on the part of Ventulett to maintain a proper lookout and control of her vehicle, excessive speed, defective and improper application of brakes and failure to grant the statutory right of way. The defendant answered with a denial of the negligence alleged and, as against Zommer, contributory negligence in the same particulars as those alleged in the complaint plus failure to sound his horn and to observe the traffic control signal in violation of § 14-299 of the General Statutes.

The jury at first returned a verdict in which they found for the defendant as against Zommer and for Means as against the defendant but awarded no damages. The court returned the jury for reconsideration of their verdict as to the plaintiff Means, instructing them that a verdict in her favor should carry some damages, even if merely nominal. After further deliberation, the jury returned a verdict awarding Means damages in the amount of $370.49 which was the amount of her special damages. The court accepted the verdict, denied Means' motion for a mistrial, and denied motions by both plaintiffs to set aside the verdict. The plaintiffs brought the present appeal from the judgment rendered on the verdict.

In their joint appeal, the plaintiffs have briefed many assignments of error, most of them addressed to the court's charge to the jury and relevant to the issue of damages. Our consideration of one of them is decisive of the merits of Means' appeal so it is unnecessary so far as she is concerned to discuss her remaining claims. In its charge regarding any award of damages which might be made to Means, the court stated to the jury: "Now, in each case the plaintiffs, Louis Zommer and Audrey Means, have claimed personal injuries. Now, there was medical testimony of injuries, but there was no evidence of permanent injuries, so I will ask you to disregard that claim for permanent injuries." Notwithstanding this instruction to the jury to disregard Means' claim of permanent injuries on the ground that there was no evidence of such permanent injuries, the record on this appeal discloses that the court expressly found that the plaintiffs had in fact offered evidence that "[t]he plaintiff, Audrey Means, sustained permanent injury to her

jaw area as a result of the accident." This finding by the court was not attacked and is, of course, in direct contradiction to what the court told the jury. Since the court found that there was evidence that Means had sustained a permanent injury the jury should not have been instructed to disregard that evidence in making any award of damages to her. She is, accordingly, entitled to a new trial on the issue of damages.

We turn next to the assignments of error pressed on behalf of the plaintiffs Zommer. In considering these claims, we first limit our consideration to those relevant to the issue of liability. Since by their verdict the jury found no liability on the part of the defendant to the plaintiffs Zommer, if no error is found on that issue there is no occasion to consider the several claims of error relevant only to the issue of damages because in the absence of liability no damages could be awarded.

The first claim on behalf of the Zommers is that the court erred in its charge relating to the duty of motorists approaching an intersection where traffic is controlled by a blinking red or yellow traffic signal. Approaching the intersection, Zommer was faced with a blinking yellow signal. The court properly read to the jury § 14-299 (c) (2) of the General Statutes which provides: "When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles facing such signal may proceed through the intersection or past such signal only with caution." After reading this statutory provision, the court added the information: "And caution means being very careful." The plaintiffs claim that the court's definition of the word "caution" as meaning "being very careful" served to impose on Zommer a duty greater than that intended by the legislature.

It is true that there is an infinitesimal shade of difference between acting with caution and being very careful, and it is to be doubted that it was either necessary or advisable to define to the jury the meaning of such a commonly used word as "caution." However, "'[a] charge to the jury is not to be critically dissected for the purpose of dis-·covering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case.' *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611. 'We examine the charge to see if it fairly presents the case to the jury, in such way that injustice was not done under the rules of law to the legal rights of either litigant, and not with legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements. If such there be, we test them by the rule stated.' *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, 741, 130 A. 102." *Farlow* v. *Connecticut Co.,* 147 Conn. 644, 648, 166 A.2d 202. Testing the charge by these principles, we find no harmful error in the court's explanation of the meaning of the word "caution."

The remaining two assignments of error relevant to the issue of liability are couched in general terms and are addressed to the court's charge. It is claimed that the court erred "in not properly defining the types of negligence, common-law and statutory, including the fact that each stands equally before the law" and "by using a negative approach to liability and in effect creating a greater burden for the plaintiffs as regards liability." In assessing the merits of these two general claims of error, we have carefully examined the court's charge. It would serve no useful purpose to repeat the relevant por-

tions of the charge in this opinion. It suffices to note that the charge adequately instructed the jury on the principles of negligence and contributory negligence, both common-law and statutory, of burden of proof and the necessity of proof of proximate cause. The test of a charge is whether it is correct in law, adapted to the issues and sufficient for the guidance of the jury. *Mack* v. *Clinch,* 166 Conn. 295, 297, 348 A.2d 669. It is " 'whether the charge "fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law." *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798; *Steinecke* v. *Medalie,* 139 Conn. 152, 157, 90 A.2d 875.' *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 721, 146 A.2d 910. The portions of the charge under attack were adapted to the issues, correct in law and sufficient for the guidance of the jury." *Amato* v. *Sawicki,* 159 Conn. 490, 494, 271 A.2d 80. There is no error on the appeal of the plaintiffs Zommer.

There is error only on the appeal of the plaintiff Audrey Means. As to her, the judgment is set aside and the case is remanded for a new trial limited solely to the issue of damages.

In this opinion the other judges concurred.