STATE OF CONNECTICUT *v.* DANIEL HARRIS, JR.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 14, 1976—decision released January 11, 1977

*Stephen B. Horton,* for the appellant (defendant).

*Richard F. Banbury,* chief assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

House, C. J. This is an appeal by the defendant, Daniel Harris, Jr., from the judgment rendered following a jury verdict finding him guilty of possession and of sale of the narcotic drug heroin in violation of 1969 Public Acts, No. 753, §§ 18 (a) and 19 (a) (General Statutes §§ 19-480 [a], 19-481 [a]) and § 19-452 of the General Statutes, and in addition to this judgment on the verdict, an appeal from the judgment that the defendant is an habitual criminal as charged pursuant to then § 54-121 of the General Statutes. The court sentenced the defendant to confinement in the Connecticut correctional institution at Somers for a term of eight to thirty years on the first count and a concurrent term of two to five years on the second count, for a total effective sentence of eight to thirty years.

The sole claim of error pressed by the defendant on this appeal is that the trial court committed prejudicial error in the course of its charge in telling the jury that "[i]n weighing the testimony of witnesses, it must be considered by you that some witnesses who testified are self-confessed or convicted criminals and, everything else being equal, you would not believe the testimony of a man who has committed a crime as readily as you would that of a man of good character." The defendant duly excepted to this portion of the charge.

In the light of the evidence produced at the trial, an instruction to the jury concerning the testimony of witnesses who had been convicted of serious crimes was very relevant. "On numerous occasions this court has stated that the trial court in a criminal case may, in its discretion, make fair comment on the evidence and particularly on the credibility of witnesses." *State* v. *Cari,* 163 Conn. 174, 182, 303 A.2d 7.

From the evidence, the jury could have found the following facts: On March 31, 1970, Frederick Bird was a state trooper assigned as an undercover officer to investigate traffic in narcotics in Hartford. Trooper Bird and Richard Roane, a police informant with a criminal record who had known the defendant in prison, met the defendant at the Federal Diner on High Street in Hartford and they then went to a car parked on Church Street. Once inside the car, Trooper Bird gave the defendant $150 which the defendant counted. The defendant then handed a bundle of glassine envelopes to Roane, who subsequently turned them over to Trooper Bird. The glassine envelopes bought from the defendant were turned over to another police officer and by tests proven to contain heroin.

As a result of this incident, the defendant was arrested and charged with the possession and sale of heroin. During the trial, the defendant presented as a witness Harold L. Williams who testified that he was then residing in the Connecticut correctional institution at Somers and that Roane had admitted to him that the drugs involved in this case belonged to Roane and had not come from the defendant. Williams testified about his criminal record: convictions in 1962 and 1964 for violation of the Uniform State Narcotic Drug Act; in 1969 for attempted breaking and entering, breaking and entering in the daytime, and possession of burglary tools in the nighttime; and in 1971 for escape from a correctional institution, and for a federal violation of theft of mail.

Another witness, Henry G. Robinson, testified that Roane had approached him prior to the incident in question and told him that he, Roane, was in

possession of twenty-five bags of "stuff" and had asked Robinson to pretend to sell the bags to him. According to Robinson, another white male was in the car with Roane when Roane made this offer and Robinson refused a part in the transaction. Robinson also testified about his own criminal record: he had been convicted of a felony on one occasion, he had been arrested five times, and a narcotics charge was then pending against him.

It is well established that evidence of a prior conviction is admissible to impeach the credibility of a witness when the conviction is for a crime for which imprisonment may be for more than one year, as was the circumstance as to each witness in question in this case. General Statutes § 52-145; *State* v. *Hall,* 165 Conn. 599, 606, 345 A.2d 17; *State* v. *Bitting,* 162 Conn. 1, 9, 291 A.2d 240; *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341.

The defendant makes no claim that evidence as to the prior convictions in this case was not properly admitted. Rather, the defendant claims that the challenged portion of the charge was a prejudicially erroneous statement of the law to be applied by the jury.

" 'A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case.' *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611. 'We examine the charge to see if it fairly presents the case to the jury, in such way that injustice was not done under the rules of law to the legal rights of either litigant, and not with legal microscope, to

search for technical flaws, inexact, inadvertent or contradictory statements. If such there be, we test them by the rule stated.' *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.*, 102 Conn. 735, 741, 130 A. 102." *Farlow* v. *Connecticut Co.*, 147 Conn. 644, 648, 166 A.2d 202.

Viewing the charge as a whole, as we must do; *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 570, 316 A.2d 394; *State* v. *Tropiano*, 158 Conn. 412, 433, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288; we conclude that the portion of the charge to which exception was taken was not prejudicially unfair to the defendant. While it would have been preferable and sufficient for the court simply to have informed the jury that, in passing on the credibility of witnesses, they were entitled to consider the fact that a witness had been convicted of a serious crime, in the context of the charge as a whole we find no prejudicial error. Section 52-145 of the General Statutes which removed the common-law absolute disqualification of a convicted person to testify as a witness implicitly recognizes the bearing that prior conviction of a serious crime has on the credibility to be afforded to a witness. While removing the common-law disqualification to testify of the convicted person, the statute expressly provides that "such . . . conviction may be shown for the purpose of affecting his credit." As this court observed in *State* v. *Bitting*, supra, 10, where the defendant with a criminal record testified as a witness in his own behalf: "When a defendant testifies, he assumes the posture of a witness, and thus he brings to the stand, by his oath, the presumption of his truthtelling, tempered only by the jury's knowledge of his interest in the outcome of the case and his

demeanor. That presumption should not be allowed to prevail in the face of the legislative judgment that records of crimes involving sentences of more than one year affect the credibility of a witness, unless its prejudicial effect far outweighs its probative value."

The jury could not have been misled by the court's statement when taken in the context of the charge as a whole. Without repeating the relevant portions of the charge at length, it suffices to note that the jury were fully instructed that they were the sole judges of the credibility of the witnesses, that they were at liberty to choose what testimony they would believe and to discard all or any part of the testimony of any witness, and, with particular reference to the chief witness on behalf of the state, the police officer, that "[t]he testimony of a police officer is not cloaked with any special sanctity merely because it comes from a police officer" and "[y]ou are not required to believe the testimony of a police officer merely because he is a police officer."

While we would not suggest that the instructions of the court in this case relative to the testimony given by convicted criminals would be generally appropriate, in the context of the charge as a whole we conclude that they were neither erroneous nor harmful.

There is no error.

In this opinion the other judges concurred.