STEPHEN J. FILAKOSKY ET AL. *v.* MICHAEL A. VALENTE ET AL.

COTTER, LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued March 7—decision released May 23, 1978

*Albert R. Annunziata* and *John T. Grillo,* for the appellant (plaintiff Margaret H. Filakosky).

*George E. McGoldrick,* for the appellees (defendants).

COTTER, J.   After a summary judgment as to liability was rendered in favor of the plaintiff Margaret H. Filakosky, upon a trial to a jury, she recovered a $3000 verdict for personal injuries allegedly sustained in a motor vehicle accident. The court denied a motion to set aside the verdict and she has appealed.[1]

The sole issue presented is whether the court, in its instructions to the jury, committed harmful error in inaccurately summarizing the medical testimony of the plaintiff's expert witness.

In her complaint, the plaintiff alleged, inter alia, that due to the defendants' negligence, she experienced an activation and exacerbation of a pre-existing arthritic condition of the cervical spine and a resulting permanent partial disability of the neck. As proof of these allegations, the plaintiff primarily relied upon the testimony of Peter Naiman, an orthopedic surgeon, who had examined and treated her both before and after the accident.   Naiman

---

[1] A satisfaction of judgment was filed as to the other plaintiff, Stephen J. Filakosky.

testified on a number of occasions that, in his opinion, the motor vehicle accident was a "contributing cause" of the worsened osteoarthritic condition of the plaintiff's neck. He also testified that she had a 15 percent permanent partial disability of the cervical spine due to the automobile accident. The defendants' witness, Robert Margolis, also an orthopedic surgeon, who examined the plaintiff eleven months after the accident, found no permanency in the plaintiff's condition and expected none in the future.

In the course of its charge to the jury, the court referred to the testimony of both orthopedic surgeons. Although the court correctly stated that it was the opinion of the plaintiff's expert that she had a 15 percent permanent partial disability of the cervical spine, the court remarked on two occasions that it recalled the plaintiff's physician as having said it was his opinion that the accident of July 22, 1970, contributed to this condition. The plaintiff claims that while Naiman testified that the auto accident was a "contributing cause" of the acceleration of her preexisting osteoarthritic neck condition, he also testified that the 15 percent disability of the cervical spine "was that component of her problem which was related to the accident." Thus, the plaintiff argues, it was erroneous for the court to indicate to the jury that, in the course of Naiman's testimony, he stated it was his opinion that the accident contributed to the plaintiff's permanent partial disability.

It is within the discretion of the court to make reasonable comments on or reference to the evidence; *Tezack* v. *Fishman & Sons, Inc.*, 173 Conn. 183, 186, 377 A.2d 272; *State* v. *Schoenbneelt*, 171

Conn. 119, 124, 368 A.2d 117; *Anderson & McPadden, Inc.* v. *Tunucci,* 167 Conn. 584, 590, 356 A.2d 873; but in so doing, it should be careful to avoid any misstatement of the facts or evidence. *Ladd* v. *Burdge,* 132 Conn. 296, 298, 43 A.2d 752; 88 C.J.S., Trial, § 272. In the present case, although it might appear that the court misstated the testimony of Naiman, this is not entirely clear from a reading of that portion of the transcript relied upon by the plaintiff.[2]

"A charge must be read as a whole, and an inaccurate statement culled from it will not be regarded as reversible error unless it is reasonably probable

---

[2] The pertinent questioning of Naiman by the plaintiff's counsel included the following exchange:

"Q. Would the signs and symptoms that you have described with a reasonable degree of medical probability, were they causally related to the accident of July 22, 1970?

A. Yes, the accident was the contributing cause.

Q. Did you arrive at an opinion as to whether or not Mrs. Filakosky after not responding after three years had some permanent partial disability to the neck as related to the automobile accident of July 22, 1970?

A. Yes. It was my impression that the symptoms that she had experienced were of sufficient duration, and the changes in her neck were that which were ascribed to her, having a permanent partial disability of the cervical spine estimated at fifteen per cent of the cervical spine.

Q. As to the body as a whole, what would that mean?

A. Well, if one—there is a system—there are several systems of awarding disability evaluation. If one goes to the Handbook of American Academy of Orthopedic Surgeons and one placed her cervical spine in the charts which we use, she would fall somewhere around a fifteen to twenty per cent disability of the entire body.

Now, that is significantly greater than the disability which was due to this accident. It was my impression that the fifteen per cent disability of the cervical spine was less than her total disability and was that component of her problem which was related to the accident.

Q. In other words, you, of the fifteen to twenty per cent of the total body, subscribed fifteen per cent totally due to the accident of July 22, 1970.?

A. Well, the fifteen per cent disability is of the cervical spine."

that the jury could have been misled by it." *Penna v. Esposito,* 154 Conn. 212, 215, 224 A.2d 536; *Galligan v. Blais,* 170 Conn. 73, 78, 364 A.2d 164; *State v. Rose,* 169 Conn. 683, 687, 363 A.2d 1077. " 'A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to the probable effect upon the jury in guiding them to a correct verdict in the case.' *Amato v. Desenti,* 117 Conn. 612, 617, 169 A. 611." *Farlow v. Connecticut Co.,* 147 Conn. 644, 648, 166 A.2d 202; *Zommer v. Ventulett,* 170 Conn. 490, 494, 365 A.2d 1059.

An examination of the charge, considered in its entirety, indicates that any possibly erroneous reference to the physician's testimony was not harmful to the plaintiff. The court accurately instructed the jury as to the applicable rules of law, and fairly apprised them of the claims of injury made by the plaintiff and of their duty to compensate her fully for any permanent injury proximately caused by the accident. Moreover, the court repeatedly instructed the jury that they were the sole judges of the facts and that their independent recollection of the evidence was controlling in the event that it differed from any statement made by the court. While such cautionary instructions will not cure a charge which is unfair, "the practice does tend to remove any doubts that the court properly discharged its duty of leaving the jury free to determine the facts and draw their own conclusions therefrom." *Anderson & McPadden, Inc. v. Tunucci,* supra, 594.

It is not probable that the court's charge was likely to have affected the jury's verdict by misleading them on an important and controlling ques-

tion of fact. Taken as a whole, the charge was correct in law and sufficient for the instruction of the jury.

There is no error.

In this opinion the other judges concurred.