MARGHERITA TRIPP ET AL. *v.*
JOHN H. ANDERSON ET AL.
(2368)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued November 30, 1983—decision released March 20, 1984

*William R. Moller,* with whom were *Charles E. Moller, Jr.,* and, on the brief, *Wesley W. Horton,* for the appellants (plaintiffs).

*John W. Lemega,* with whom, on the brief, was *George D. Royster, Jr.,* for the appellees (defendants).

DUPONT, J. This is a personal injury action arising from an automobile-pedestrian accident in which the named plaintiff Margherita Tripp sustained severe injuries.[1] The jury returned a verdict for the defendants.[2] In response to interrogatories, the jury found that the defendants were negligent as "a result of [a] violation of [a] state statute or [a city of] East Hartford ordinance," but that this negligence was not the proximate cause of the named plaintiff's injury. The plaintiffs' motion to set aside the verdict was denied, judgment was rendered for the defendants and the plaintiffs appealed.[3]

The plaintiffs claim error in the exclusion from evidence of a certain overlay map and of testimony offered to attack the credibility of the defendant Wilson concerning the presence of "no parking" signs on the site at which he had parked his car. The plaintiffs also claim that the court erred in its charge on the doctrines of proximate cause and concurrent negligence, and in the wording of one of the interrogatories submitted to the jury.

The overlay map was excluded on the ground that the measurements on which it was based were imprecise. The testimony as to those measurements indicated

[1] The husband of Margherita Tripp is also a plaintiff, seeking damages for loss of consortium.

[2] This action was brought against a number of parties, one of whom, John Anderson, was the operator of an automobile which glanced off one parked car, collided with the parked car of the defendant Charles Wilson, collided with two other cars and eventually struck the named plaintiff. John Anderson and the plaintiffs entered into a settlement before the trial. The other defendants are the owner-lessor and the lessee of the car which had been parked by the defendant Charles Wilson.

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess. June, 1983, No. 83-29, § 2 (c).

that one of the boundaries could be inaccurate to the extent of one foot, and that the determination of the point of impact between Wilson's vehicle and that of John Anderson could be in error by as much as two feet. A court has a wide latitude in determining, in its discretion, whether to admit or exclude demonstrative evidence. *State* v. *Piskorski,* 177 Conn. 677, 699, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *Katsetos* v. *Nolan,* 170 Conn. 637, 649, 650, 368 A.2d 172 (1976). Such evidence should be admitted only if it is a fair and accurate representation of that which it attempts to portray. Tait & LaPlante, Handbook of Conn. Evidence § 9.1 (c).

The court did not err in excluding the map from evidence, nor did it err in excluding testimony relating to the presence of "no parking" signs during the two winters preceding the accident. The testimony was offered to impeach the credibility of the defendant Wilson. The jury determined by its answer to one of the interrogatories submitted to it that the defendants were negligent as a result of the violation of an East Hartford ordinance, that is, parking in a no-parking zone, and, therefore, the exclusion did not affect the plaintiffs adversely. The trial court's determination that the testimony was not at sufficient odds with that of the defendant Wilson to raise a question of credibility should not be disturbed. It is within that court's discretion to determine whether testimony proferred to impeach credibility has a probative value which exceeds its prejudicial effect. *State* v. *Marquez,* 160 Conn. 47, 52, 273 A.2d 689 (1970).

The plaintiffs' assertions that the court's charge to the jury fell short of being a correct statement of the law as to proximate cause and concurrent negligence must be analyzed against the axioms of case law. Recurring judicial philosophy states the principle that a charge is to be read as a whole without a dissection of

its parts and that it will not be the source of reversible error absent a determination that the probable effect of the charge was to lead the jury to an incorrect verdict. *Herb* v. *Kerr,* 190 Conn. 136, 138, 459 A.2d 521 (1983); *Ubysz* v. *DiPietro,* 185 Conn. 47, 59, 440 A.2d 830 (1981); *Filakosky* v. *Valente,* 175 Conn. 192, 195–96, 397 A.2d 95 (1978).

The charge must be examined to determine whether it fairly presents a case to a jury so that no injustice results and is not to be examined " 'with [a] legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements.' " *Ubysz* v. *DiPietro,* supra, 57.

Connecticut adheres to the rule of 2 Restatement (Second), Torts § 442B. *Tetro* v. *Stratford,* 189 Conn. 601, 605, 458 A.2d 5 (1983); *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 28, 266 A.2d 370 (1969). A "negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third person and is not within the scope of the risk created by the defendant's own conduct." *Tetro* v. *Stratford,* supra, 605. The rule encompasses those situations, such as the present case, in which the "negligent conduct of the defendant is an ingredient, but not the initiating force, in a sequence of events culminating in an injury to a plaintiff . . . ." *Miranti* v. *Brookside Shopping Center, Inc.,* supra, 28.

Since the trial court's charge to the jury[4] was consistent with the principles of *Miranti* and *Tetro,* and fairly gave the jury adequate guidance, it was not erroneous.

---

[4] The trial court charged the jury in part as follows: "And the plaintiff, of course, has the burden of proof by a fair preponderance of the evidence

The supplemental charge, in which the plaintiffs also claim error as a result of the court's failure to define properly proximate cause and concurrent negligence, is found to be an adequate statement of the law. The court instructed the jury that it must determine whether the defendants were negligent and, if so, whether their negligence, when joined with the negligence of John Anderson, caused the injuries sustained by the named plaintiff. The court further stated that the defendants are not relieved from liability even though a third party concurs to produce the injuries. The further claim of the plaintiffs, that the supplemental charge failed to relate the law of concurrent negligence to the facts of this case, is equally without merit. Viewed in its entirety, the charge sufficiently interwove the facts of

on the question of proximate cause. In other words, you must not only find that the defendant was negligent, statutorily negligent, or committed a nuisance, but you must go further and find that those elements of fault, or any one of them, were a proximate cause of the plaintiff's injuries before you can fasten liability to the defendant. Now, proximate cause, as we use that phrase, is that cause or act which, as a natural sequence, unbroken by any other intervening act, produces the injury and without which the injuries could not have resulted. In other words, negligence, or nuisance, to be a proximate cause, must be a substantial factor in producing the injury and not a mere condition or incident to those injuries. To be a substantial factor, the negligence, or the nuisance, must have continued down to the moment of injury, or at least down to the setting in motion of the final active injurious force which materially produced the injury.

"Now, there has been proof in this case that the—one of the—of one other party and the other—and one of the other parties clearly—Mr. Anderson was negligent and—and caused the—the injury to the—to the plaintiff. Now, the fact, however, that one defendant was negligent does not in and of itself preclude another defendant also contributing to the—also—also causing injuries to the plaintiff. If both defendants were negligent and the negligence of both of them combined to cause the injury, the plaintiff can recover against both of them.

"Both parties agree that the conduct of Mr. Anderson constituted negligence. The question for you is whether or not the defendant—whether or not the actions of the defendant, Charles Wilson, constituted negligence and whether that negligence, when joined with the negligence of Mr. Anderson, caused the injury sustained by the plaintiff. The defendant is not relieved from liability for—for the injuries of the plaintiff even though third—other third parties concurred to produce them."

the case with the law. *Shea* v. *Tousignant,* 172 Conn. 54, 59–60, 372 A.2d 151 (1976); *Gosselin* v. *Perry,* 166 Conn. 152, 161–63, 348 A.2d 623 (1974).

The plaintiffs claim error in the court's failure to incorporate their request to charge verbatim in its charge. The request, however, was only a partial statement from *Miranti* v. *Brookside Shopping Center, Inc.,* supra. There is no error in the failure to charge exactly as requested as long as the charge states the law correctly. *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 311, 268 A.2d 639 (1970).

The last claimed error cited by the plaintiffs is that the court should not have submitted interrogatory number 2 to the jury.[5]

The power of the court to use interrogatories does not depend on the consent of the parties and their use is particularly appropriate if the factual determinants and the law are complex. *Gaulton* v. *Reno Paint & Wallpaper Co.,* 177 Conn. 121, 125, 412 A.2d 311 (1979). Should there be two or more counts in a complaint, a failure to use interrogatories upon request by the defendant would be reversible error. Id., 126. The plaintiffs, however, do not complain of the use of the interrogatories, but of their wording. They argue that the definite article "the," as opposed to "a" preceding the words "proximate cause" misled the jury into a belief that there could be only one proximate cause of the named plaintiff's injury, thereby, in all proba-

---

[5] The following interrogatories were submitted to the jury: "1. Does the jury find that the plaintiffs have proven by a fair preponderance of the evidence that defendants a. Were negligent under common law b. Were negligent as a result of violation of state statute or East Hartford ordinance c. Committed a nuisance

"2. If the jury answer is yes to any of subparagraphs a–c of question 1, does the jury find that, as to that subparagraph or subparagraphs, plaintiffs have proven by a fair preponderance of the evidence that the proximate cause of the plaintiff's injuries was defendants' a. common law negligence b. statutory negligence c. nuisance"

bility forcing the jury to pick between the defendants' negligence and the negligence of John Anderson as the proximate cause of the harm to her. Interrogatories are submitted to a jury in conjunction with a court's instructions. They are not vacuous words, but words which are amplified and defined by the charge. See *Ubysz* v. *DiPietro,* supra, 59–60; *Gaulton* v. *Reno Paint & Wallpaper Co.,* supra; *Phoenix Mutual Life Ins. Co.* v. *Brenckman,* 148 Conn. 391, 396, 171 A.2d 194 (1961).

The charge made it clear that the defendants could be liable to the plaintiffs, even if the negligence of the defendants was not the sole proximate cause of the harm suffered by the named plaintiff. It was made known to the jury that more than one proximate cause could have resulted in her injury. The plaintiffs cannot, by a linguistic tour de force, convert the words "the proximate cause" into "the sole proximate cause."

There is no error.

In this opinion the other judges concurred.