ROBERT FARLEY *v.* T.R.W., INC., ET AL.
(2200)

HULL, SPALLONE and DALY, Js.

Argued April 2—decision released May 28—on the appellees' motion to reargue granted, reversed August 27, 1985

*John T. Grillo,* with whom was *Albert R. Annunziata,* for the appellant (plaintiff).

*Shaun M. Slocum,* with whom, on the brief, was *Edward N. Shay,* for the appellees (defendants).

DALY, J. The plaintiff instituted this action in strict tort liability against the defendant T.R.W., Inc. (TRW), as seller, and the defendant True Temper Corporation (True Temper), as manufacturer of a cross peen hammer, for the loss of his eye while using the hammer. The defendants asserted a special defense of misuse of the hammer by the plaintiff for failure to heed a written warning concerning the recommended use of safety glasses. A general verdict was rendered by the jury in favor of the defendants.

The plaintiff has appealed from the judgment, after the trial court's denial of his motion to set aside the verdict, claiming error in the jury instructions and in evidentiary rulings.

The jury could have found the following facts: On September 14, 1973, the plaintiff was employed as a mechanic by the Connecticut Truck and Trailer Service and, in the course of his employment, borrowed a cross peen hammer, manufactured by True Temper and sold by TRW, from a fellow employee. While he

was hammering an object, a foreign object struck the plaintiff in his right eye, ultimately resulting in its loss.

The plaintiff claimed that the hammer was in a defective condition and unreasonably dangerous to the plaintiff in one or more of the following ways: (1) the face of the hammer was excessively hard; (2) it was excessively low in shock resistance; (3) it was excessively low in silicon; (4) it spalled, chipped or became dislodged during its intended use; (5) the face of the hammer and rim were defectively manufactured in that they were improperly tempered; and (6) there was no warning given concerning said unreasonably dangerous, defective conditions. The defendants, by way of special defense, alleged that the plaintiff, having been warned to wear safety goggles, failed to do so.

The plaintiff argues that the court erred in its charge to the jury because its instructions, with regard to the complaint's six specifications of defective conditions of the hammer, required the plaintiff to prove each of those specifications.

The primary function of the charge to the jury is to assist them in applying the law correctly to the facts which they find to be established. *Magnon* v. *Glickman,* 185 Conn. 234, 244, 440 A.2d 909 (1981). " 'A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case.' *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611 (1933)." *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 704, 462 A.2d 376 (1983). "The test is whether the charge as a whole fairly presented the case to the jury so that

no injustice was done." *Magnon* v. *Glickman,* supra, 245. The charge will ordinarily be sustained if it meets this test, although it may not be exhaustive, perfect or technically accurate. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664 (1953).

The court instructed the jury that the plaintiff must prove all his allegations, except those admitted by the defendant, by a fair preponderance of the evidence. There were six acts of defective conditions of the hammer that were alleged in the complaint. This instruction, taken literally, required the jury to have found each of these acts proven before a verdict could be rendered for the plaintiff.[1] The instruction was erroneous. The Supreme Court has held that this kind of instruction would not be reversible error " 'where, from the charge as a whole, the jury must have understood the correct rule to be that proof of

[1] This portion of the trial court's charge was as follows: "The fourth paragraph of that first count is the—and it is denied by the Defendant that TRW sold the hammer in a defective condition or that it was unreasonably dangerous to the Plaintiff in one or more of the ways alleged by the Plaintiff. Now, this is denied, so therefore the burden of proof is on the Plaintiff to prove these allegations and, in effect, what the Plaintiff has alleged is that it was defective because the face of the hammer was excessively hard; secondly, that it was excessively low in shock resistance; thirdly, that it was excessively low in silicon; fourthly, that it spalled, chipped or became dislodged during its intended use; fifthly, that the face of the hammer and the rim were defectively manufactured in that they were improperly tempered, and finally, that there was no warning given concerning said unreasonably dangerous defective condition.

"So that in this Paragraph 4, the Plaintiff had set forth the various claims it is relying upon as to the defective nature of the hammer, and the Defendants, on the other hand, have denied this and again to go to the merits of these claims, and whether the Plaintiff has sustained the burden of proving those, you then go to the evidence that has been presented and review the various evidence from the different witnesses who have testified as to what they had to say and in what respect it bears on these claims; because in view of the fact that it is denied, the burden being on the Plaintiff to prove that and, therefore, you now go to the evidence and then try to reach your conclusions from the evidence as to the merits of those claims.

any one of the several acts alleged was sufficient ground for recovery.' *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 735, 130 Atl. 102 [1925]." *Sacks* v. *Connecticut Co.,* 109 Conn. 221, 237, 146 A. 494 (1929).

We have searched the charge to find where this instruction was corrected, explained or amplified. The instruction concerning the warning specification was insufficient to dissipate the obfuscation. Repeated references to the defective condition of the hammer did not add any further enlightenment.

The plaintiff's counsel specifically requested the trial court, at the conclusion of the charge to the jury, to elucidate by explaining that it was only necessary for the plaintiff to prove one or more of the specifications and not all of them.[2] The trial court erred in not heeding the request.

A general verdict was returned, however. Because the parties did not request or present interrogatories in accordance with Practice Book § 312, the verdict signified that the jury found not only the issues of the complaint but also those of the special defense for the defendants. *Matthews* v. *F.M.C. Corporation,* supra, 706.

The plaintiff claims that the general verdict rule is inapplicable since the defendants' pleadings actually contained only one defense—presence of a warning label.

---

[2] The plaintiff's counsel's exception to the charge in this regard was as follows: "Another aspect, your Honor, is this: while you did say we have to prove our allegations and we have about six of them, I think your Honor omitted the normal saying one or more of these allegations. We don't have to prove each and every one of them. We have lack of tempering. Your Honor did cover lack of warning. There are about four or five other allegations that are in the alternative. We don't have to prove each and every one of them."

The defendants' denial of negligence and their allegation of contributory negligence—presence of a warning label and failure to wear safety goggles—constitutes two separate and distinct defenses, either one of which could support the jury's general verdict. *LaFleur* v. *Farmington River Power Co.*, 187 Conn. 339, 342, 445 A.2d 924 (1982); *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187 (1951). "If 'the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict will stand irrespective of any error in the charge as to the others.' " *LaFleur* v. *Farmington River Power Co.,* supra, 343. In this case, the plaintiff has not taken issue with the court's instructions on contributory negligence.

The general verdict rule will prevail unless it falls within the purview of *Batick* v. *Seymour,* 186 Conn. 632, 641, 443 A.2d 471 (1982), wherein the court stated: "The court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding. . . . There is a special circumstance present in this rare case which induces us to exercise our discretionary power under Practice Book § 3063 to notice plain error not raised below. We cannot in all fairness invoke the general verdict rule and rely upon the presumed finding of the jury of the efficacy of the special defense when it is apparent that there is insufficient evidence as a matter of law to support this alternative basis for the verdict."

Here, there was evidence submitted to the jury that the manufacturer had affixed to the hammer a label which warned the user of possible chipping and included an admonition to wear safety glasses. "Whether such evidence is sufficient is a question for the jury to decide. *State* v. *Scielzo,* 190 Conn. 191,

197, 460 A.2d 951 (1983)." *Eagar* v. *Barron,* 2 Conn. App. 468, 470, 480 A.2d 576 (1984). It is also within the province of the jury to determine credibility and the effect to be given the testimony. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981). It may accept or reject the testimony of any witness; *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 608, 419 A.2d 339 (1979); and determine the weight to be given the evidence. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). The factor that distinguished this case from *Batick* v. *Seymour,* supra, is the presence of evidence supporting the special defense which allows for the invocation of the general verdict rule.

There is no error.

In this opinion the other judges concurred.