ANTHONY PENNA ET AL. *v.* MICHAEL ESPOSITO

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 7—decided November 10, 1966

*Jerrold H. Barnett,* with whom was *Frank W. Sledziona,* for the appellants (plaintiffs).

*John C. Flanagan,* for the appellee (defendant).

THIM, J. This case arose as a result of an intersection collision in the city of New Haven between automobiles operated by the named plaintiff, hereinafter referred to as the plaintiff, and the defendant. The plaintiff charged the defendant with various acts of negligence. After a trial in the Superior Court, the jury found the issues for the defendant, and judgment was rendered accordingly. The plaintiff assigned error in the court's failure to charge the jury concerning an inference which the plaintiff felt the jury must draw from the failure of the defendant to produce certain witnesses at the trial. The plaintiff also claims that the court erred in instructing the jury to disregard certain allegations of negligence contained in his complaint. To put these claims in proper perspective a recitation of certain facts is necessary.

At the trial, the plaintiff offered evidence which tended to prove that at the intersection where the accident occurred the defendant was required to yield the right of way to vehicles approaching from his left and that, although he should have seen the plaintiff's car approaching, he in fact did not. Evidence was also offered that the plaintiff's vehicle had almost cleared the intersection when the right front end of the defendant's automobile struck the right rear end of the plaintiff's car. The defendant claims to have proved that he stopped his vehicle for a stop sign at the intersection and that he then drove slowly into the intersection where the accident occurred.

The defendant did not call any witnesses during the trial. He was, however, called as a witness by the plaintiff. General Statutes § 52-178. Upon direct examination by the plaintiff's counsel, the defendant testified that at the time of the accident there were

five passengers in his car: two adults and three children. He claimed he did not know who they were. No further explanation was offered when he was cross-examined by his own attorney. The defendant did not take the stand in his own behalf to explain how it was that he did not know any of his five passengers.

The plaintiff requested, in writing, that the court charge the jury as follows: "The failure of one party to produce a witness within his own knowledge raises an inference where a prima facie case is made out that if the evidence were produced it would be antagonistic to that party's present contention." The court refused to give this charge, and the plaintiff claims that in doing so it erred.

If a properly composed request to charge is submitted to the court, it would be error for the court to refuse it. The charge which was requested, however, was not such a charge. The charge as requested would make the inference mandatory rather than permissive. This was erroneous. Also, the request assumes, without leaving it as a fact to be decided by the jury, that the potential witnesses were in fact known to the defendant. This, too, was erroneous. As the request to charge misstated both the evidence and the law, it was certainly not error for the court to refuse to give it. *Bernard* v. *Ribner*, 151 Conn. 670, 673, 201 A.2d 658; *Crowder* v. *Zion Baptist Church, Inc.*, 143 Conn. 90, 100, 119 A.2d 736.

The plaintiff's second claim of error relates to the court's instruction to the jury to disregard a certain portion of the complaint. The complaint, among other specifications of negligence, alleges that the defendant "drove his motor vehicle with defective or inadequate brakes or failed to apply

his brakes in time to avoid colliding with the automobile that the plaintiff was driving." With reference to this portion of the complaint, the court charged the jury as follows: "You will not consider that allegation of negligence, because there was no evidence of any kind concerning inadequate brakes or defective brakes which prevented the defendant from stopping in time to avoid colliding with the plaintiff's car. Consequently, disregard that allegation of negligence." From this instruction, it is apparent that the court construed this part of the complaint as containing only one specification of negligence. Actually, it alleged two, a statutory infraction based on defective brakes; General Statutes § 14-80 (a); and a common-law violation in the defendant's failure to apply the brakes in a timely and effective manner. As there was no evidence that the defendant's vehicle was equipped with defective brakes, the court acted properly in not committing to the jury the portion of the allegation regarding faulty brakes. *Fleischer* v. *Kregelstein,* 150 Conn. 158, 160, 187 A.2d 241. Since, however, there was evidence to support the claim that the defendant failed to apply the brakes, the court's statement to disregard both claims of negligence was erroneous. If the quoted portion of the charge could be understood by the jury as a directive to disregard the defendant's duty to make reasonable use of brakes, the plaintiff's claim of prejudicial error would be sound. That, however, is not the situation. A charge must be read as a whole, and an inaccurate statement culled from it will not be regarded as reversible error unless it is reasonably probable that the jury could have been misled by it. *Allard* v. *Hartford,* 151 Conn. 284, 292, 197 A.2d 69; *McMahon* v. *Bryant Electric Co.,* 121 Conn. 397, 406,

185 A. 181. Here, immediately after the erroneous portion of the charge was given, the court instructed the jury that the defendant was under a duty to have his car under reasonable and proper control at all times. The court then continued, stating: "When reasonable care is required, he [the operator of a motor vehicle] must reduce his speed or bring it to a stop or turn out to avoid collision with other vehicles or persons on the highway." From these statements, the jury could reasonably conclude that the defendant, to have his vehicle under reasonable control, was required to make reasonable use of his brakes. The plaintiff's exception to the portion of the charge objected to failed to alert the court to the claim made. Furthermore, the charge, when read as a whole, adequately instructed the jury as to the operator's common-law duty regarding the use of the vehicle's brakes, and the jury could not have been misled into believing that the law does not require the brakes to be applied in a timely and effective manner.

There is no error.

In this opinion the other judges concurred.