CHARLES MAZZUCCO v. KRALL COAL AND OIL COMPANY, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 8, 1976—decision released February 8, 1977

*David E. Schancupp*, for the appellants (defendants).

*William F. Tiernan, Jr.*, for the appellee (plaintiff).

LONGO, J.  This action was brought by the plaintiff to recover damages for personal injuries sustained on December 12, 1968, when the plaintiff fell into a grease pit in a garage owned by the defendant Krall Coal and Oil Co., Inc., hereinafter Krall.  The plaintiff successfully claimed before a jury that his fall and the resultant injuries were caused by the failure of the defendant Pellegrino, who was acting as the agent of the defendant Krall, to warn the plaintiff of the existence of the pit.  The plaintiff was awarded $9000 damages.  The defendants have appealed the judgment and have assigned four errors in the court's charge to the jury.

There was evidence from which the jury could have found the following facts:  On December 12, 1968, the defendant Pellegrino summoned the plaintiff, who was in the business of towing and repairing motor vehicles, to the Krall garage to remove Pellegrino's car.  The garage contained an office and four service bays.  Pellegrino's car, its front facing the back of the garage, was parked in the third bay and covered the grease pit.  The area was lit by two fluorescent lights which Pellegrino claimed to have turned on before the men entered the service bay through the main door to bay three. Pellegrino directed the plaintiff to the right front of the car and the men with the aid of Pellegrino's assistant, David Geil, began to push the car out of the garage.  After they had traveled a short distance Pellegrino looked up and realized that the plaintiff had fallen into the grease pit.  The defendant Pellegrino concedes that, to the best of his knowledge, the plaintiff had never been in the garage before and had not been warned about the existence of the grease pit.

The defendants first assign error to the court's refusal to charge the jury on the duty to warn of the existence of the grease pit: "With regard to that claim, it is the law and I charge you that the defendants had no duty to warn the plaintiff, if you find that the plaintiff had actual knowledge of that condition or if you find that the defendants could reasonably assume that the plaintiff knew about that condition or would observe it by a reasonable use of his faculties and senses." It is the law of this state that a request to charge which is relevant to the issues of a case and which is an accurate statement of the law must be given. *Penna* v. *Esposito,* 154 Conn. 212, 214, 224 A.2d 536; *Smith* v. *New Haven,* 144 Conn. 126, 130, 127 A.2d 829. It is, however, also the law of this state that a refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance. *Smith* v. *New Haven,* supra. Furthermore, "[i]t is a well-established rule that the charge to the jury must be read as a whole and that individual instructions are not to be judged in 'artificial isolation' from the overall charge. *Cupp* v. *Naughten,* 414 U.S. 141, 147, 94 S. Ct. 396, 38 L. Ed. 2d 368; *State* v. *Ralls,* 167 Conn. 408, 422, 356 A.2d 147; *Penna* v. *Esposito,* 154 Conn. 212, 215, 224 A.2d 536." *State* v. *Crawford,* 172 Conn. 65, 69, 372 A.2d 154. We find that the substance of the defendants' requested charge was presented to the jury in two ways. First, the court was careful to inform the jury that the defendants were not under an absolute duty to warn the plaintiff of the existence of the grease pit. The court presented the following issue to the jury: "Whether or not a reasonable prudent man would have warned or pointed out the pit to the plaintiff

is for you to decide in the first part of this case." Later, when charging the jury on the issue of the defense of contributory negligence, the court clearly pointed out that the plaintiff had a duty to act as a reasonable and prudent man and "to be alert and aware of his surrounding circumstances." The court charged further: "A plaintiff has the same duty to exercise the care of an ordinary prudent person in protecting himself against dangers and to be watchful of his own surroundings and to use his senses and faculties to see the same thing that the ordinary prudent person would under similar circumstances, or reasonably should have known were present or were likely to be present of dangers." The court emphasized that if the plaintiff were negligent in falling into the grease pit, he could not recover. It is, therefore, apparent upon examination of the whole charge that the defendants' requested charge was given in substance.

The defendants next assign error in the court's refusal to charge the jury as follows: "The plaintiff had a duty to observe and appreciate danger or threatened danger and he is conclusively presumed to know and appreciate dangers which, under the same or similar circumstances, would have been known or appreciated by an ordinary prudent person." It is apparent from examination of the court's charge to the jury on the issue of contributory negligence that the defendants' only claim is that the court did not adopt the precise language of the defendants' request. The court explicitly told the jury that the plaintiff was under a "duty to exercise the care of an ordinary prudent person in protecting himself against dangers" and to be alert to his surroundings and to be aware of dangers of which the ordinary prudent person would be aware. The

court's failure to adopt the exact wording of the defendants' requested charge does not constitute error. *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 199, 292 A.2d 912; *Mace* v. *Conde Nast Publications, Inc.,* 155 Conn. 680, 687, 237 A.2d 360; *Michaud* v. *Gagne,* 155 Conn. 406, 410, 232 A.2d 326.

The defendants next claim that the court erred in charging the jury that they could consider the plaintiff's claim for loss of earning capacity when there was insufficient evidence to support such a claim. See *Davis* v. *P. Gambardella & Son Cheese Corporation,* 147 Conn. 365, 161 A.2d 583. The defendants specifically contend that the evidence of any loss in earning capacity was too speculative to be submitted for the jury's consideration. Their claim is based principally on testimony by the plaintiff himself that it was extremely difficult for him to attach a dollar amount to his losses and that any figure would be speculative.

In support of that claim, the defendants cite the following exchange between the defendants' counsel and the plaintiff: "Q. . . . [Y]ou told me this morning and it's still your testimony, isn't it, that there is no way for you to put a dollar figure on what you claim to have lost as a result of this accident; isn't that right? A. That's right. Q. And that any figure you put on would be just speculation and a guess on your part? A. That's right, sir." The defendants also emphasize the plaintiff's admission that other factors contributed to the decline in his income in the years following the accident, including the illness of his wife which took him away from his business, the illness of his mechanic and the fact that the neighborhood became the object of a redevelopment project which eventually closed the plaintiff's business in 1972. The only evidence introduced

to prove the plaintiff's lost earning capacity was his tax returns for the four years following the accident which showed a small but steady decline in his earnings, and testimony by the plaintiff estimating his losses at "maybe at least two or three thousand dollars a year." We find that the issue of lost earning capacity was too speculative for submission to the jury. As this court stated in *Ball* v. *Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855: "He who seeks to recover damages of this nature must establish a reasonable probability that his injury did bring about a loss of earnings, and must afford a basis for a reasonable estimate by the trier, court or jury, of the amount of that loss." We required "that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate." Ibid; *Doeltz* v. *Longshore, Inc.,* 126 Conn. 597, 13 A.2d 505. The jury could only speculate as to the extent that the plaintiff's lost earnings were attributable to the accident; *Grody* v. *Tulin,* 170 Conn. 443, 365 A.2d 1076; and also as to the amount of any damages. See *Boland* v. *Vanderbilt,* 140 Conn. 520, 525, 102 A.2d 362; *Comstock* v. *Connecticut Ry. & Lighting Co.,* 77 Conn. 65, 58 A. 465. In assessing damages in a tort action, the trier "is not concerned with possibilities but with reasonable probabilities." *Sheiman* v. *Sheiman,* 143 Conn. 222, 225, 121 A.2d 285.

The plaintiff's admitted inability to put a dollar figure on the amount of his lost earning capacity when combined with the illnesses of his wife and his mechanic and the imminent taking of his property for redevelopment left the jury without sufficient guidance on the amount of his claimed loss.

Since it constituted error for the court to have submitted to the jury the issue of damages pertaining to the claimed loss of earning capacity, we need not consider the defendants' final claim which attacks the accuracy of the charge on the issue of damages.

There is error in part, the judgment as to liability is affirmed and the case is remanded for a new trial limited to the issue of damages.

In this opinion the other judges concurred.