JONATHAN SHAYWITZ ET AL. *v.* SINGING OAKS DAY CAMP, INC., ET AL.
(3648)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 9—decision released July 1, 1986

*Christopher M. Vossler,* with whom, on the brief, were *James J. Maher* and *Thomas M. Murtha,* for the appellant (named defendant).

*Paul A. Krez,* with whom, on the brief, was *Harvey F. Wachsman,* for the appellee (named plaintiff).

SPALLONE, J. The defendant Singing Oaks Day Camp, Inc.,[1] is appealing from the judgment rendered after a trial to the jury which resulted in a verdict for the named plaintiff[2] in the amount of $185,000.

The defendant assigns as error the following actions of the trial court: (1) its rulings on evidence throughout the trial;[3] (2) its instructions to the jury; (3) its denial of the defendant's motion for a directed verdict; (4) its refusal to set aside the verdict as excessive, incompatible with the evidence, and a result of the jury's passion, partiality or prejudice; and (5) its refusal to grant the defendant's motion for a mistrial.

The jury could reasonably have found the facts as follows. On July 12, 1978, the minor plaintiff, Jonathan Shaywitz, was attending the camp operated by the defendant Singing Oaks Day Camp, Inc., in Weston. At that time, the plaintiff, along with several other children, was receiving instructions in riflery from an

---

[1] Although two other defendants were named in the original lawsuit, only Singing Oaks Day Camp, Inc., has appealed. As used in this opinion, "defendant" refers to the defendant Singing Oaks Day Camp, Inc.

[2] The minor plaintiff's mother, Sally Shaywitz, was named individually as a plaintiff and sought hospital and medical expenses related to her son's injuries. A judgment was rendered for the defendants on her claims and she has not appealed. As used in this opinion, "plaintiff" refers to the minor plaintiff.

[3] The focus of each evidentiary challenge concerns the relevancy, materiality or prejudicial effect of the evidence admitted.

employee of the defendant. The boys were lying prone on a shooting mat firing live rounds from .22 calibre rifles which were provided to the campers by the defendant. The rifles were all single shot, bolt action Remington rifles, one of which bore the serial number AP 10. All campers were required to take riflery unless their parents objected. The children involved were between the ages of 8 and 13 years old.

Following instructions from a counselor, the plaintiff loaded the rifle and took aim. When the plaintiff fired the rifle he had been given, a cartridge burst in his face. As a result of the explosion, he underwent multiple surgical procedures including surgery on his eyes and sinuses. Symptoms of brain damage in the form of abnormal electroencephalograms and seizure activity were apparent. His prognosis was extremely guarded in view of the fact that he was now rendered susceptible to further serious eye injuries such as glaucoma, cataracts, blindness and infection.

The rifle that caused the accident bore the serial number AP 10. At the time of the accident, the rifle was defective due to a brazed bolt and an enlarged head space. After the accident, the camp started to provide the campers who were firing rifles safety goggles and ear plugs.

The defendant's first claim of error challenges the trial court's rulings on the evidence throughout the trial. We conclude that the court's rulings on the evidence were in accordance with the rules of practice and in accordance with the law. The examples cited by the defendant as indicating error by the court in admitting certain testimony are not persuasive.

The party claiming error has the burden of showing that the admission of testimony was both erroneous and sufficiently harmful to justify setting aside the court's ruling. *Collens* v. *New Canaan Water Company*, 155

Conn. 477, 495, 234 A.2d 825 (1967); *State* v. *DeMartin,* 153 Conn. 708, 710, 216 A.2d 204 (1965). The trial court's ruling on the admissibility of evidence is an exercise of the court's discretion. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709 [1972]. Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." *State* v. *Brown,* 169 Conn. 692, 702, 364 A.2d 186 (1975). We hold that the trial court's rulings on the evidence in this case were not erroneous.

The defendant's second claim of error, that the court erred in its instructions to the jury, is meritless. The defendant argues that the court's failure to charge in accordance with its requests to charge regarding the burden of proof, proximate cause, sympathy and inferences, breach of warranty, implied warranty, and notice of defect was harmful error and reversible. We disagree.

The court is not obligated to charge the jury in the exact language as prepared by the litigant. Our review of the charge as given in this case indicates that the defendant's claims are without merit. All of the essential elements of the pertinent issues were covered in the court's instructions to the jury. Therefore, the court's refusal to charge specifically as requested by the defendant was not error. *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 311, 268 A.2d 639 (1970); *Tripp* v. *Anderson,* 1 Conn. App. 433, 438, 472 A.2d 804 (1984).

The court's denial of the defendant's motion for a directed verdict is not error as stated in the defendant's third claim of error. A directed verdict is proper only when the jury could not reasonably and legally

reach any other conclusion than that embodied in the verdict as directed. *Puro* v. *Henry,* 188 Conn. 301, 303, 449 A.2d 176 (1982); *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* 5 Conn. App. 579, 583, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986). Our review of the record indicates clearly that there were many genuinely disputed issues in this case. Under such circumstances, the court's denial of the defendant's motion for a directed verdict was appropriate.

The defendant's fourth claim is that the court erred in refusing to set aside the verdict. In the absence of evidence of medical bills incurred by the plaintiff, the verdict in the amount of $185,000 was awarded for the plaintiff's past and future pain and suffering and disabilities. The defendant challenges the award as contrary to law, against the evidence, and excessive.

The award of damages is within the province of the jury as triers of the facts and should be sustained if it does not shock the sense of justice or the conscience of the court. *Seals* v. *Hickey,* 186 Conn. 337, 351, 441 A.2d 604 (1982); *Camp* v. *Booth,* 160 Conn. 10, 12, 273 A.2d 714 (1970); *Robinson* v. *ITT Continental Baking Co.,* 2 Conn. App. 308, 313, 478 A.2d 265 (1984). Proper compensation cannot be computed by a mathematical formula and the law does not furnish an ironclad rule for its assessment. *Robinson* v. *ITT Continental Baking Co.,* supra. "The test is 'whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' " *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 349, 422 A.2d 260 (1979). The evidence in this case relating to the nature of the injuries, the guarded prognosis, and the psychological damage

fully supports the court's denial of the defendant's motion to set aside the verdict.

The defendant's final claim is that the court erred in denying its motion for a mistrial. During the trial, the plaintiff's counsel asked the following question of the defendant's agent: "The day after these events you bought goggles for them too, didn't you?" Defense counsel objected and the court sustained the objection. The witness, however, answered the question. The court denied the defendant's motion for a mistrial and ordered the question and answer to be stricken from the record. The court gave extensive curative instructions to the jury regarding that question. In *State* v. *Garcia*, 7 Conn. App. 367, 374, 509 A.2d 31 (1986), this court stated that "[o]ften, during the course of a trial, objectionable questions are asked, objections are sustained, and the trial goes on. The due administration of justice would be ill served if every time an objectional question was asked the case would be subject to a mistrial." The decision of the trial court as to the fairness of the trial is to be accorded great weight. *State* v. *McCall*, 187 Conn. 73, 77, 444 A.2d 896 (1982). Parties to a suit are entitled to a fair trial, not a perfect trial. The record here fails to disclose that the trial court abused its discretion in denying the defendant's motion for a mistrial.

There is no error.

In this opinion the other judges concurred.