LEONA ROYER *v.* HERTZ CORPORATION ET AL.
(3420)

HULL, SPALLONE and BIELUCH, Js.

Argued September 17—decision released November 11, 1986

*Dennis B. Schlenker,* of the New York bar, with whom were *Norman J. Voog* and, on the brief, *Arthur J. Siegel,* for the appellant-appellee (plaintiff).

*Bruce L. Levin,* for the appellees-appellants (defendants).

SPALLONE, J. The plaintiff appeals from the judgment rendered by the trial court following a jury verdict in her favor. The plaintiff claims that the trial court erred (1) in instructing the jury that she could be compensated for her lost earning capacity only for the period from the time of her impairment to the time of trial, and (2) in refusing to set aside the verdict on the ground that it was inadequate as a matter of law. The defendants filed a cross appeal which they indicated they would abandon if we found no error on the appeal.

The following facts are not in dispute and could reasonably have been found by the jury. On July 26, 1976, the plaintiff, a forty-nine year old woman, was operating her car on Route 34 in Derby. While she was stopped at a red light, a truck owned by the defendant Hertz Corporation and operated by the defendant

James Lewis struck her car in the rear. The plaintiff was thereafter hospitalized for several weeks. At the time of the accident, the plaintiff was not working because of a previous injury in February, 1976, for which she was receiving workers' compensation benefits. Some time after her accident, the plaintiff began to lose weight, losing thirty pounds in the sixteen months following the accident. During this period and beyond, the plaintiff also experienced a sexual dysfunction, cervical back pain, headaches, and lumbar lumbosacral and left leg pain. The defendants admitted liability and the trial was confined to the issue of damages.

Conflicting testimony was presented regarding the nature and cause of the plaintiff's injuries. Both the plaintiff and the defendants produced expert witnesses who testified regarding the medical and psychological history and condition of the plaintiff before and after the July accident. The plaintiff's experts testified that the plaintiff's weight loss and sexual dysfunction were caused by an anxiety reaction resulting from chronic pain due to the accident, that the chronic pain was real and permanent and not related to any organic disorder, and that the back and neck pain resulting from the accident were not remedied by a subsequent disk operation. The defendants produced expert testimony that the plaintiff's weight loss and sexual dysfunction were not caused by the car accident, and that, except for certain cervical and lumbosacral pain, all of the plaintiff's disorders were caused by her earlier injury in the course of her employment. The defendants also produced testimony that there was no evidence of permanent injury and that any aggravation of the plaintiff's previous back injury caused by the accident lasted only until the fall of 1976.

The jury returned a verdict in favor of the plaintiff in the amount of $34,302. The trial court denied the

plaintiff's motion to set aside the verdict and rendered judgment in accordance with the verdict. The plaintiff then appealed and the defendants cross appealed.

The plaintiff first claims that the court erred in its instruction to the jury on earning capacity. In its charge, the court limited the period for which the jury could compensate the plaintiff to the time of trial. The plaintiff claims that the court should have instructed the jury that it could also compensate the plaintiff for her loss of future earnings.[1]

Practice Book § 3060F (d) (2)[2] requires appellants to set forth in their brief the evidence relating to a claimed error in the trial court's charge to the jury. Pursuant to this section, the plaintiff has pointed out evidence regarding the plaintiff's work history, earnings, life expectancy and injuries. The plaintiff has pointed to no evidence, however, that the July accident caused any impairment to her future ability to earn a living. Such evidence is necessary to establish a claim for future lost earnings. See *Berndston* v. *Annino,* 177 Conn. 41, 46–47, 411 A.2d 36 (1979); *Mazzucco* v. *Krall Coal &*

---

[1] The court instructed the jury as follows: "Now, Mrs. Royer is claiming permanent impairment of her earning capacity. And this gets to be a difficult thing from many points of view. Even aside from all of the questions such as the fall of February and all the other background because although there is testimony before you as to her life expectancy, there is nothing before you . . . by means of which you could determine how long she would have remained in the work force if she had not become disabled. Obviously, you don't pay any attention whatsoever to that claim of impairment of earning capacity unless you do decide that she was totally disabled as a result of this accident. You just ignore it. It has nothing whatsoever to do with the case. But, in the event you do decide there is a causal connection you can consider impairment of her earning capacity. But, there being no evidence whatsoever before you as to how long she would—would be reasonably probable that she would stay in the labor market I charge you as a matter of law you can give consideration only to her impairment up to this point in time." The plaintiff excepted to this charge. See Practice Book § 315.

[2] Effective October 1, 1986, Practice Book § 3060F (d) (2) was renumbered § 4065 (d) (2).

*Oil Co.,* 172 Conn. 355, 360, 374 A.2d 1047 (1977). Because the plaintiff has failed to point us to any evidence by which the jury could conclude that the July, 1976 accident caused any impairment to her ability to earn a living after the date of the trial, we cannot conclude that the trial court was obligated to instruct the jury on future earning capacity. We therefore find no merit to the plaintiff's first claim of error.

In her second claim of error, the plaintiff asserts that the trial court erred in denying her motion to set aside the verdict. The plaintiff claims that the verdict was inadequate as a matter of law given the testimony regarding the plaintiff's chronic pain and injuries.

The trial court's refusal to set aside a jury verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. *Kalleher* v. *Orr,* 183 Conn. 125, 127, 438 A.2d 843 (1981); *Zarelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). If, on the evidence, the jury could reasonably have decided as it did, we will not find error in the trial court's acceptance of the verdict. *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220 (1971); *Murteza* v. *State,* 7 Conn. App. 196, 203, 508 A.2d 449, cert. denied, 200 Conn. 803, 510 A.2d 191 (1986). " 'The test is "whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." ' " *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 349, 422 A.2d 260 (1979); *Shaywitz* v. *Singing Oaks Day Camp, Inc.,* 8 Conn. App. 71, 75, 510 A.2d 1013 (1986).

Here, the defendants presented expert testimony that virtually all of the plaintiff's injuries were unrelated to the automobile accident. Furthermore, the

jury was not obligated to believe the testimony of the plaintiff or her experts. *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 358–59, 294 A.2d 305 (1972); *Murteza* v. *State,* supra, 208–10. We find no error in the refusal of the court to set aside the jury verdict in the amount of $34,302.

In their brief and at oral argument, the defendants indicated that they wished to abandon their cross appeal if we should find no error on the appeal. In light of our disposition of the plaintiff's appeal, therefore, we treat the cross appeal as abandoned. See *State* v. *Ryan,* 182 Conn. 335, 338, 438 A.2d 107 (1980).

There is no error.

In this opinion the other judges concurred.