JOSE A. MORALES *v.* TRINITY AMBULANCE SERVICE (4157)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued October 7—decision released December 30, 1986

*Ronald E. Cassidento,* with whom, on the brief, was *Eric Carlson,* for the appellant (plaintiff).

*Karen Jansen Casey,* with whom, on the brief, were *John F. Scully* and *Louis B. Blumenfeld,* for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the judgment the trial court rendered after the court had granted the defendant's motion for a directed verdict.

The plaintiff brought separate suits against the defendant and St. Francis Hospital. See *Morales* v. *Saint Francis Hospital & Medical Center,* 9 Conn. App. 379, 519 A.2d 86 (1986). The cases were consolidated in the trial court and tried together. At the close of the plaintiff's case, the trial court denied the plaintiff's motion to amend his complaint and then granted the defendant's motion for a directed verdict on the ground that the plaintiff had failed to establish a prima facie case against the defendant. The court denied the hospital's motion for a directed verdict. The trial continued against the hospital only and the jury returned a general verdict in favor of the hospital. The plaintiff then filed separate appeals from the judgments for the defendant and the hospital. Although the appeals were not combined in this court, they were argued at the same time.

In his first claim, the plaintiff alleges that the trial court erred in directing a verdict for the defendant and further erred in refusing to set aside the directed verdict. We find no merit to this claim.

"A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed; *Petyan* v. *Ellis,* [200 Conn. 243, 244, 510 A.2d 1337 (1986)]; *McDonald* v. *Connecticut Co.,* 151 Conn. 14, 17, 193 A.2d 490 (1963); or if the evidence is so weak

that it would be proper for the court to set aside a verdict rendered for the other party. *Mott* v. *Hillman,* 133 Conn. 552, 555, 52 A.2d 861 (1947)." *Boehm* v. *Kish,* 201 Conn. 385, 389, 517 A.2d 624 (1986). On reviewing the action of the trial court in first directing and thereafter refusing to set the verdict aside, the evidence must be considered in the light most favorable to the plaintiff. *Boehm* v. *Kish,* supra, 388; *Johnson* v. *Consolidated Industries, Inc.,* 153 Conn. 522, 524, 218 A.2d 380 (1966); *Campbell* v. *Pommier,* 5 Conn. App. 29, 31, 496 A.2d 975 (1985).

The facts viewed in the light most favorable to the plaintiff are as follows. The plaintiff, Jose A. Morales, a police officer, and a fellow officer were called to a pharmacy to investigate a claim of disturbance. When the officers arrived, they observed N, a patient who had previously escaped from St. Francis Hospital, waving a cane and an umbrella and knocking items from a shelf. Based on what they saw, the officers determined that N was mentally disturbed. The plaintiff then radioed for an ambulance which along with two attendants was sent to the scene by the defendant, Trinity Ambulance Service, Inc. A struggle with N ensued involving at various times the two police officers and the ambulance attendants. Under the control and direction of the plaintiff, the officers and the ambulance attendants attempted to place N on a stretcher and to fasten him into a restraining device. The device was secured by two zippers, one of which ran from the neck down to the feet and the other which ran from the feet to the ankles. During the struggle, which lasted but a few seconds, the plaintiff was struck in the eye by the broken end of the umbrella which was being held by N. As a result, the plaintiff suffered severe and permanent injuries to one of his eyes.

A review of the evidence offered at trial viewed in the light most favorable to the plaintiff reveals that the

trial court properly granted the motion for a directed verdict. Although the plaintiff in his amended complaint alleged that the defendant was negligent in several respects, at trial he presented evidence only as to one claim, i.e., that the attendants were negligent in failing to zip closed the safety jacket around N despite having had an opportunity to do so. Specifically, the plaintiff testified that, during the five to fifteen second period when N was struggling on the stretcher, the attendants should have zipped closed the safety coat around the lower portion of N's body. This act, according to the plaintiff, would have freed the officer who was restraining the lower part of N so that he could assist the plaintiff in taking the umbrella from N's hand. Had the safety jacket been properly closed around N's lower body, according to the plaintiff, N could have been safely disarmed and the plaintiff would not have been injured.

When a prototype of the safety jacket was introduced into evidence, however, it became apparent that N could not have been zipped in the jacket in the manner suggested by the plaintiff because the primary zipper ran from the neck to the feet, with a second zipper starting at the ankles and running to the feet. The plaintiff did not claim that the prototype of the safety jacket introduced at trial was different in any material respect from the one used at the scene. It is apparent, therefore, that the plaintiff's claim of negligence was based on a misunderstanding of the operation of the safety jacket and that this misunderstanding was fatal to his claim. We conclude, therefore, that the trial court did not err in directing a verdict in favor of the defendant and in denying the plaintiff's motion to set aside the directed verdict.

The plaintiff's second claim of error faults the trial court for refusing to allow the plaintiff to amend his complaint to conform to the proof. His amendment

in part raised the issue that the restraining device was insufficient to be utilized for a disturbed person. Clearly, this is a far departure from his original claims of negligence. This claim would require that an entirely different theory of defense be raised against this allegation and quite probably would require the testimony of experts in the field. Although Practice Book § 178 provides that "[in] all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial," our Supreme Court has often held that the word "may" is discretionary and not mandatory. *Seals* v. *Hickey,* 186 Conn. 337, 345, 441 A.2d 604 (1982); *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 540, 429 A.2d 801 (1980). Other cases which address the allowance of amendments affirm this discretion. See *Beckman* v. *Jalich Homes, Inc.,* 190 Conn. 299, 303, 460 A.2d 488 (1983); *Rahmati* v. *Mehri,* 188 Conn. 583, 588, 452 A.2d 638 (1982); *Citizens National Bank* v. *Hubney,* 182 Conn. 310, 313, 438 A.2d 430 (1980); *Lawson* v. *Godfried,* 181 Conn. 214, 216, 435 A.2d 15 (1980). "While our courts have been liberal in permitting amendments . . . this liberality has limitations." (Citation omitted.) *Beckman* v. *Jalich Homes, Inc.,* supra, 302. Where the trial court has discretion to act, before we may challenge the act or failure to act, it must be shown that the court abused its discretion. We can make no such finding under the facts and circumstances here. The court properly denied the plaintiff's motion to amend his complaint.

There is no error.

In this opinion the other judges concurred.