## WILLIAM S. ROGERS *v.* ANTHONY W. DELFINO ET AL.
### (5134)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Submitted on briefs December 1, 1987—decision released March 29, 1988

*William J. Tracy, Jr.*, filed a brief for the appellants (defendants).

*William F. Gallagher, Herbert Watstein* and *Evelyn A. Barnum* filed a brief for the appellee (plaintiff).

O'CONNELL, J. The defendants appeal from the judgment rendered following a plaintiff's verdict in a

personal injury action. The jury awarded the plaintiff $196,622.41 in damages. The plaintiff accepted an order of remittitur of $58,500 and judgment was rendered for $138,162.41.[1] The defendants claim the trial court erred (1) in failing to charge the jury as requested concerning the plaintiff's interest in the case, (2) in its charge regarding future damages, and (3) in failing to set aside the verdict. We find no error.

The jury reasonably could have found the following facts. On February 2, 1976, the plaintiff was injured when he slipped and fell on an icy sidewalk at a shopping center owned by the defendants. The plaintiff was in the process of unloading an eight hundred pound floor washing machine from his employer's truck when he fell. He was pinned against the wall of a building by the machine for approximately two minutes, until discovered by a coworker. The plaintiff was hospitalized for six days and, in September, 1976, underwent surgery for removal of a herniated intervertebral disc. Two weeks after the procedure, the plaintiff was subjected to further surgery to remove scar tissue. The surgeon who removed the plaintiff's disc testified that the plaintiff sustained a 20 percent permanent partial disability.

I

The defendants first claimed error in the trial court's failure to charge the jury as requested. The requested charge addressed two matters: the plaintiff's alleged concession of facts at issue and the plaintiff's interest in the outcome of the case. The instruction on the first portion of the defendants' claimed error included a statement that "where the plaintiff unequivocally concedes a fact or issue, such concession is binding upon him and you must take that fact or issue to be proven."

[1] The remittitur of $58,500 reflected the amount received by the plaintiff in settlement of his action against three other defendants.

The evidence relied upon to support the first portion of this request consisted of the plaintiff's answers to interrogatories in another action, inconsistent with his testimony in the present case. In those interrogatories, the plaintiff stated, inter alia, that he had recovered from *this* injury prior to being injured again in a subsequent accident. The defendants claimed that the requested instruction was warranted on the grounds that such statements constituted judicial admissions that were "unequivocally conceded by the plaintiff," and as such were conclusive. The defendants' argument is not supported by the law. Our Supreme Court has held that although an answer to an interrogatory has the same effect as a judicial admission in relieving the opposing party of the necessity of proving the facts admitted, " 'it is not conclusive upon him and will not prevail over evidence offered at the trial.' " *Piantedosi* v. *Floridia,* 186 Conn. 275, 278, 440 A.2d 977 (1982), quoting *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 339–40, 11 A.2d 356 (1940). See also General Statutes § 52-200, which expressly declares that interrogatory disclosures are not conclusive.[2]

Furthermore, with regard to concessions of fact made by party witnesses in testimony at trial, our Supreme Court has also ruled that " '[u]nless it amounts to such a stipulation or waiver as to have the force of a judicial admission, the testimony of a party to a fact is ordinarily no more conclusive upon him than the evidence given by any other witness; and it is the duty of the court or jury to determine the fact not alone from the testimony given by the party but from all the evidence in the case.' " *Dreier* v. *Upjohn Co.,* 196 Conn.

---

[2] "[General Statutes] Sec. 52-200. DISCLOSURE NOT CONCLUSIVE. When either party in any action has obtained from the other party a disclosure on oath, respecting the matters alleged in any pleading, the disclosure shall not be deemed conclusive, but may be contradicted like any other testimony."

242, 248–49 n.2, 492 A.2d 164 (1985), quoting *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 A. 144 (1931). The defendants' requested charge was an erroneous statement of the law and was properly excluded from the jury instruction by the trial court.

It is not error for a trial court to charge the jury in language other than that submitted by the parties. "Although the court did not charge in the exact language, '[e]rror cannot be predicated on a failure to adopt the particular language of a request to charge where the matter is adequately and fairly covered in the charge.' *Nally* v. *Charbonneau,* 169 Conn. 50, 55, 362 A.2d 494 (1975). A charge must be read as a whole; the test is not whether it is exhaustive, letter perfect or technically accurate; *Hoadley* v. *University of Hartford,* 176 Conn. 669, 674, 410 A.2d 472 (1979); but whether the charge as a whole fairly presented the case so that no injustice was done. *Kosko* v. *Kohler,* 176 Conn. 383, 390–91, 407 A.2d 1009 (1978)." *Morales* v. *St. Francis Hospital & Medical Center,* 9 Conn. App. 379, 385–86, 519 A.2d 86 (1986).

Reviewed under this standard, the second portion of the defendants' requested charge regarding the plaintiff's interest in the case is also without merit. We recognize that a plaintiff has a special interest in the outcome of a case; see *Buonanno* v. *Cameron,* 131 Conn. 513, 515, 41 A.2d 107 (1945); however, a review of the record indicates that the trial court instructed the jury that potential bias, prejudice, interest, or lack of interest in the case, were factors to be considered by the jury in their assessment of the testimony of *any* witness.[3] The charge as given "adequately and fairly" covered the matter addressed in the first portion of the

---

[3] The instruction given the jury with regard to bias stated in pertinent part: "When weighing the testimony of a witness you should consider his appearance upon the stand. You should try to size him up, having in mind all those little circumstances which point to his truthfulness or untruthful-

defendants' requested charge; id.; and was a correct statement of the law. See *State* v. *Mack,* 197 Conn. 629, 636–38, 500 A.2d 1303 (1985); *State* v. *Mastropetre,* 175 Conn. 512, 524–25, 400 A.2d 276 (1978).

## II

In their second claim of error, the defendants contend that the trial court erred in instructing the jury on damages arising from anticipated medical expenses and loss of earning capacity. The defendants argue that there was no evidence from which the jury could infer that the plaintiff would incur either future medical expenses or damages derived from a loss of earning capacity. We disagree.

"In awarding future medical expenses, a jury's determination must be based upon an estimate of reasonable probabilities, not possibilities. *Jerz* v. *Humphrey,* 160 Conn. 219, 224, 276 A.2d 884 (1971). Such evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. See *Healey* v. *White,* 173 Conn. 438, 442, 378 A.2d 540 (1977); *Nash* v. *Hunt,* 166 Conn. 418, 428, 352 A.2d 773 (1974); *Hanauer* v. *Coscia,* 157 Conn. 49, 53, 244 A.2d 611 (1968)." *Reilly* v. *DiBianco,* 6 Conn. App. 556, 575, 507 A.2d 106, cert. denied, 200 Conn. 804, 510 A.2d 192, 193 (1986). The transcript discloses that the plaintiff's medical expert stated, inter alia, that he was "quite concerned about this patient's recovery and *certainly considerable further treatment will be necessary.*" (Emphasis added.) In light of this testimony, we hold that the trial court did not err in charging the jury with respect to future medical expenses.

The evidence also fully supported the trial court's charge on loss of earning capacity. "While the burden

ness. You should consider any possible bias or prejudice he may have, whether for or against the plaintiff or the defendant. You should consider any interest or lack of interest he has in the outcome of the trial."

of proving loss of earning capacity is always upon the plaintiff, the courts have never required 'proof equivalent to a mathematical demonstration.' *Lavieri* v. *Ulysses,* 149 Conn. 396, 408, 180 A.2d 632 (1962); *Turner* v. *Scanlon,* 146 Conn. 149, 159, 148 A.2d 334 (1959). The courts require only 'that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate.' *Ball* v. *Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855 (1928); *Turner* v. *Scanlon,* supra." *Hoadley* v. *University of Hartford,* supra, 675. A review of the record shows that the plaintiff laid a proper foundation for the calculation of such damages by introducing evidence of his weekly salary at the time of injury, the fact that he suffered a 20 percent permanent partial disability, the physical restrictions resulting from this injury, and his life expectancy. The court correctly instructed the jury on loss of future earnings.

Reviewing the charge in its entirety, we conclude that it was correct in law, adapted to the issues and sufficient for the guidance of the jury. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 570, 316 A.2d 394 (1972).

### III

The defendants' final claim of error is that the trial court erred in failing to set aside the verdict as excessive and not supported by the evidence. Once again, we disagree.

" ' "The trial court's refusal to set aside [a] jury verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness." *Kalleher* v. *Orr,* 183 Conn. 125, 127, 438 A.2d 843 (1981); *Waldron* v. *Raccio,* 166 Conn. 608, 618, 353 A.2d 770 (1974). This is so because "[f]rom the vantage point of the trial bench, a presiding judge can sense

the atmosphere of a trial and can apprehend far better than [an appellate court] can, on the printed record, what factors, if any, could have improperly influenced the jury." *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972). Our function on appeal is, accordingly, limited to determining whether the trial court abused its discretion in denying the plaintiff's motion to set aside the verdict. Such a decision "can be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury. [Maltbie,] Conn. App. Proc., p. 151." *Mulcahy* v. *Larson,* 130 Conn. 112, 114, 32 A.2d 161 (1943).' " *Zimny* v. *Cooper-Jarrett, Inc.,* 8 Conn. App. 407, 434–35, 513 A.2d 1235 (1986), quoting *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986); see also *Creem* v. *Cicero,* 12 Conn. App. 607, 609–10, 533 A.2d 234 (1987).

In reviewing the trial court's decision concerning the verdict, every presumption must be given to sustaining the verdict as rendered. *Bielaska* v. *Waterford,* 196 Conn. 151, 155, 491 A.2d 1071 (1985); *Royer* v. *Hertz Corporation,* 9 Conn. App. 136, 140, 516 A.2d 1372 (1986). The plaintiff presented evidence of permanent partial disability, pain and suffering, medical expenses and future damages. In light of the evidence presented, we conclude that the trial court did not abuse its discretion in denying the defendants' motion to set aside the verdict.

The defendants' attempt to challenge the verdict by comparing it to verdicts in other personal injury cases is not persuasive. "It serves no useful purpose to compare a verdict in one personal injury case with verdicts in other personal injury cases. The question is one peculiarly within the province of the jury. Juries may differ widely in the conclusions which they reach in

what may be apparently similar cases, and, in fact, in any given case one jury may arrive at a result substantially different from that of another jury. This flexibility, though it may lead to uncertainty, is a necessary concomitant of the jury system as it operates in cases of this nature. 'Proper compensation for personal injuries cannot be computed by mathematical formula, and the law furnishes no precise rules for their assessment.' *Lopez* v. *Price,* 145 Conn. 560, 569, 145 A.2d 127 (1958)." (Citations omitted.) *Birgel* v. *Heintz Corporation,* supra, 34.

The proper tests are whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation, and whether the verdict so shocks the court's sense of justice as to compel the conclusion that the verdict was influenced by partiality, prejudice, mistake or corruption. *Shea* v. *Paczowski,* 11 Conn. App. 232, 235, 526 A.2d 558 (1987); *Zarrelli* v. *Barnum Festival Society, Inc.,* supra.

There is no error.

In this opinion the other judges concurred.