[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:
MOTION TO SET ASIDE THE VERDICT
The defendant has moved to set aside a verdict in the amount of $50,000 rendered in favor of the plaintiff on the grounds that there was insufficient evidence to support the verdict and on ground that the verdict was excessive.
The claim involves an assertion by the plaintiff, who is quadriplegic, that she went to the defendant physician, and advised him that she wanted a continent vesicostomy which involves creation of an opening from the bladder through the abdominal wall CT Page 5603 so that there is no leakage of urine ("leakage") and permits patient to self catheterize periodically when needed. The case submitted to the jury solely on the issue of informed consent the issue of leakage and the court did not submit to the jury plaintiff's claims involving the duty of the defendant to discontinue specific alternative procedures. There was a direct conflict evidence as to what was said between the plaintiff and the defendant. The plaintiff claims that she specifically told the defendant that she wanted a continent vesicostomy and that there was no discussion of the risk of leakage. The defendant performed a procedure, which he believed involved a reasonable expectation producing a continent vesicostomy. After the procedure, the plaintiff experienced severe leakage over an extended period time and asserts that the doctor failed to advise her that leakage was a risk of the procedure. The plaintiff subsequently contact another physician who performed what is claimed to have been investigative procedure which resulted in a continent vesicostomy. The plaintiff produced expert testimony that there was a duty up the defendant physician to explain that risk. In the opinion the court, there was sufficient evidence to justify the verdict Following the operative procedure performed by the defendant the plaintiff continued working but experienced numerous instance of unwanted leakage of urine while at work, requiring numerous changing of clothes together with embarrassment and humiliation Medical bills approximated $6700 and the plaintiff was required spend 11 days in the hospital for the procedure performed by the defendant. In view of the evidence, the court cannot say as matter of law that the verdict shocks the consciences or that exceeds the limits of fair and reasonable compensation under the rule of such cases as Rogers v. Delfino, 13 Conn. App. 725 (1988)
Rush, J.