[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO REDUCE JUDGMENT
FACTS
Plaintiff was injured in a hit and run accident in 1988 and here sues her own liability insurance company under the uninsured motorist provisions of her policy.
On her uninsured motorist claim plaintiff received a jury verdict which, in pertinent part, is on her uninsured motorist claim as follows:
A. Economic Damages (past) $ 5,692.01
B. Economic Damages (future) 25,000.00
C. Noneconomic Damages (past) 15,000.00
D. Noneconomic Damages (future) 10,000.00
 E. Total of fair, just and reasonable compensation for injury to Shirley M. Belcher 55,692.01
 VERDICT AS AGAINST Aetna Life Casualty Company (repetition of line E) 55,692.01
No amount was collected from the tortfeasor.
The defendant has paid basic reparations of $4,035 to plaintiff.
LAW
 I. Policy Limit
CT Page 866
The policy provides for payment of only $50,000. The verdict is for a total of $55,692.01; thus at least $5,692.01 must be deducted from the verdict. C.G.S. § 38a-336 (b).
II. Basic reparations
Having paid $4,035 of basis reparations defendant is entitled to a lien for that amount under C.G.S. § 38a-369, as it then existed. Under the policy this is limited to economic loss. But as her jury award for past economic loss was $5,692.01 the full $4,035 will be a lien and will reduce the award for past economic loss to $1,657.01.
III. Future Economic Loss
Both parties refer to the future economic loss award as $15,000. It is $25,000.
Defendant argues that the future economic damages award is not supported by the evidence.
The plaintiff in her memorandum suggests this court may sustain such an award because it does not "shock the conscience" of the court. In fact any award made without a factual basis must shock the conscience of anyone.
The plaintiff also asserts that there is evidence to support the award and points to testimony of Dr. Guy Owens "regarding plaintiffs' need for future medical treatment, for flare-ups and occur problems which may occur there is evidence in the record that plaintiff will lose wages and will incur additional expenses. . . in the future." (sic)
She also offers testimony of "Al Robey" but it is only about the past and tells us nothing about the kinds of costs, the possible amounts of costs or that such costs will, more probably than not, occur in the future.
Finally she suggests she must go to work twice a day rather than once and that this is an expense. No costs were testified to nor were any estimates provided.
There was no evidence that plaintiff's hourly pay rate had declined because of the accident. CT Page 867
The plaintiff must produce evidence which establishes with reasonable probability that the injury found was produced by the accident and that any claimed losses more probably than not resulted from that injury. Mazzucco v. Krall Coal OilCo. 172 Conn. 355, 360. We do not have that here for future economic damages.
The jury may infer from the costs for past medical expenses what future medical expenses would probably be if it has a basis for finding that the plaintiff might continue to need and seek the same kind of treatment in the future.Seymour v. Carcia 221 Conn. 473, 478-479. Here the doctor says plaintiff might have "flare-ups" and such flare-ups might result in brief time lost from work and the need for some brief physical therapy. The Seymour court said that "is sufficient for consideration of the element of future medical expense." Id. 479. of course that "consideration's does not change our rule that plaintiff must prove her case by a preponderance of the evidence. In that case there was expert medical testimony that the doctor had "no doubt that [the plaintiff would] require care in the future." Id. 479.
As additional evidence in our case we know the plaintiff's past medical expenses were $3,275, her past lost earnings were $2,717.01, and she has a statistical life expectancy of 30.7 years.
As of the date of this injury economic damages are defined in C.G.S. § 52-572h as "compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages."
From evidence that plaintiff "might" have flare-ups in the future a jury could not find by a preponderance of the evidence that she will have such flare-ups and that they more probably than not will result in pecuniary loss.
There is no factual basis on which the jury could render a verdict for future economic loss by a preponderance of the evidence.
IV. Reconstruction of Verdict
CT Page 868
 Jury Verdict $55,692.01 less (5.692.01) ----------- Policy Limit $50,000.00 less $4,035 basic reparations 4,035.00 ----------- $45,965.00 less jury award of future economic damages 25,000.00 ----------- Net Verdict $20,965.00
N. O'Neill, J.